UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WOODARD and<br>MARY WOODARD,<br><br>        Plaintiffs,<br><br>   v.<br><br>ST. CHARLES COUNTY, MO,<br><br>        Defendant. | No. 4:25-cv-00294-MTS |

## MEMORANDUM AND ORDER

Self-represented litigants Michael and Mary Woodard have filed a civil complaint, Doc. [1], and an application for leave to proceed in forma pauperis, Doc. [2]. The Court has reviewed the application and finds that Plaintiffs cannot pay the civil filing fee. The Court will therefore grant Plaintiffs leave to proceed in forma pauperis. The Court has also reviewed the complaint, and finds it is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). The Court will therefore dismiss this action without further proceedings and deny as moot Plaintiffs' motion seeking appointed counsel, Doc. [3].

**I. Facts and Background**

Plaintiffs filed the complaint against St. Charles County, MO. Where the form complaint solicits information about the basis for federal question jurisdiction, Plaintiffs wrote:

> 2024 [] Took our son under false pretenices, lied under oath, trying to put him up for adoption.

> 2011 [] Was incarcerated in St. Charles County jail and Jail doctor prescribed me Prozac against my ob instruction, causing me to miscarry and didn't know why lost the baby till a month ago.

Doc. [1] at 3.[1]

Where the form complaint provides space for Plaintiffs to set forth the facts supporting their claims, they alleged they "Lost baby while under care of St. Charles County jail doctor" and "Son taken away for false allegations, they lied under oath, and trying to adopt him out.  All because of false allegations of a St. Charles County DFS inventigator."  *Id.* at 5.  Plaintiffs state the pregnancy loss occurred on March 15, 2011 "while in custody," and they state their son was taken away on October 28, 2024 "and still on going."  *Id.*  Plaintiffs allege the miscarriage occurred because a St. Charles County jail doctor prescribed Prozac "against my outside ob Direction."  *Id.*  They allege their son was taken away "without thorough investigation and failed to tell the truth."  *Id.*  Plaintiffs state they "want to have them be held accountable for the loss of a life, and taken our son away without grounds and punitive damages."  *Id.*  They seek "$2 million for both instances due to pain and suffering . . .".  *Id.* at 6.

After filing the complaint, Michael Woodard submitted a filing in which he reiterated some of the allegations in the complaint, Doc. [5], and provided 50 pages of exhibits.  Doc. [5-1].  The exhibits consist of medical records from 2011, and court orders and other documents related to a 2024 child custody case in the Family Court Division of the St. Charles County Circuit Court.  Included is an October 28, 2024 "Order to Take into

---

[1] In this Memorandum and Order, the Court quotes the complaint verbatim without noting or correcting errors.

Judicial Custody." *Id.* at 1-2. The exhibits contain sensitive information, so the Court will not summarize them here. However, the Court has carefully reviewed Doc. [5] and Doc. [5-1], and finds they contain no additional factual allegations in support of the claims asserted in the complaint.

## II. Legal Standard

Federal law requires this Court to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). To state a claim under 42 U.S.C. § 1983, plaintiffs must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

Courts must liberally construe complaints filed by laypeople. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That means that if the essence of the layperson's allegation is discernible, the Court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even laypeople must allege facts that, if true, state a

claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (stating federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**III. Discussion**

Liberally construed, Plaintiffs bring their claims under 42 U.S.C. § 1983 to vindicate alleged violations of their constitutional rights. St. Charles County and entities like it can be held liable under section 1983. *See Monell v. Dep't. of Social Services of City of New York,* 436 U.S. 658, 690–91 (1978). Liability may attach if a constitutional violation "resulted from (1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise." *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016)); *see also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Here, Plaintiffs claim they suffered the loss of a pregnancy in 2011, and they claim their child was wrongfully taken from their custody in 2024. Plaintiffs allege the pregnancy loss occurred because a St. Charles County jail doctor prescribed a medication against an outside doctor's direction, and they allege their son was taken away because an investigator made false allegations, and because of lies and an inadequate investigation. However, Plaintiffs allege no facts that would permit the inference that any alleged constitutional violation occurred pursuant to an official municipal policy, an unofficial custom, or a

4

deliberately indifferent failure to train or supervise. As a result, Plaintiffs fail to state a claim upon which relief may be granted against St. Charles County. This Court must therefore dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court has considered whether an appeal of this action would be taken in good faith. The Court finds there would be no non-frivolous basis to argue that the complaint states a valid claim against St. Charles County and will therefore certify that an appeal would not be taken in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2], is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Appoint Counsel, Doc. [3], is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 12th day of May 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE